**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YIMING ZHENG,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

          Respondent.

No. 22-666

Agency No.
A208-739-752

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 11, 2023[**]
San Francisco, California

Before: NGUYEN, COLLINS, and LEE, Circuit Judges.
Partial Dissent by Judge NGUYEN.

Yi Ming Zheng, a native and citizen of China, seeks review of the Board of

Immigration Appeals' (BIA) order dismissing his appeal from an Immigration

Judge's (IJ) decision denying his application for asylum and withholding of removal.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252, and we grant in part and deny in part the petition for review.

We review for substantial evidence the BIA's factual findings, applying the REAL ID Act's standards governing adverse credibility determinations. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). In general, agency adverse credibility findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

In this case, we review "the reasons explicitly identified by the BIA" for upholding the IJ's adverse credibility determination and then "examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). We "do not review those parts of the IJ's adverse credibility finding that the BIA did not identify as 'most significant' and did not otherwise mention." *Id.*

1. The BIA properly upheld the IJ's adverse credibility determination based on Zheng's knowing submission of an altered photograph. The submission of a fraudulent document cannot serve as the sole basis for an adverse credibility determination without a finding, or at least an indication, that the petitioner knew or should have known that the document was fraudulent. *Yeimane–Berhe v. Ashcroft*, 393 F.3d 907, 911 (9th Cir.2004); *see also Khadka v. Holder*, 618 F.3d 996, 1001

(9th Cir.2010).

Here, substantial evidence supports the BIA's finding that Zheng knew of the alteration before the November 2018 hearing.[1] Despite having knowledge of the altered photograph before the November 2018 hearing, he did not inform the IJ of the alteration until the government confronted him about it during cross-examination. As the BIA emphasized, it upheld the adverse credibility determination not only because the photograph was altered but also because Zheng "noticed that the photo was altered" after he had submitted it to the court and yet he still "did not voluntarily notify the court of the fraudulent nature of the photograph."

Although Zheng also submitted the original, unaltered photograph to the court and offered a benign explanation for not informing his attorney or the court of the alteration earlier in the proceedings, the IJ was still within the bounds of reason to find Zheng not credible. Stated differently, we are not compelled to conclude that Zheng was credible, given his knowing reliance on an altered document. *Rizk*, 629 F.3d at 1087.

2. <u>Other inconsistencies support the BIA's adverse credibility determination.</u> The BIA also did not err in holding that even if submission of the altered photograph alone did not undermine Zheng's credibility, the forged photograph plus the various

---

[1] Zheng admitted that he knew that the photograph was altered by September 2018 at the latest, two months before the hearing.

inconsistencies between Zheng's testimony and the corroborative evidence support an adverse credibility determination. *Cf. Yeimane-Berhe*, 393 F.3d at 911.

For example, the agency concluded that the letter that Zheng submitted from a church leader in China is inconsistent with his testimony about when he became a Christian. According to Zheng, he "decided to believe in the Lord" in July 2015. However, the agency construed the letter that he submitted from a church leader as indicating that he had actively participated in church services "since he was little" and was a "devout and loyal believer." Although we might not have read the letter the same way, we cannot say that the agency's reading was impermissible or that the agency erred in discounting Zheng's testimony in light of that letter.

In considering the totality of the circumstances, we are not compelled to reverse the BIA's adverse credibility finding. Zheng's asylum and withholding of removal claims based on his past persecution in China therefore fail.

3. <u>We remand to the BIA on Zheng's asylum claim as to the issue of a well-founded fear of future persecution.</u> While the IJ found that Zheng did not have a well-founded fear of future persecution, the BIA did not expressly rule on this issue. We thus remand to the BIA to assess this issue in the first instance. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 870 (9th Cir. 2003) (citing *INS v. Ventura*, 537 U.S. 12, 17 (2002) (per curiam)).

The petition is **DENIED** in part, **GRANTED** in part, and the case is

**REMANDED** to the BIA for further proceedings.

*Zheng v. Garland*, 22-666

NGUYEN, Circuit Judge, dissenting in part:

I strongly disagree with the majority's finding that the BIA's adverse credibility determination was supported by substantial evidence. The majority's decision rests primarily on Zheng's submission of an altered photograph—a document the majority describe as "fraudulent" and "forged." Respectfully, that characterization is misleading. Zheng and his mother explained that she merely cropped the photograph to highlight and center Zheng. She did so because, in applying for a letter from the church verifying Zheng's faith, she needed an individual picture of him at church. Zheng submitted the unaltered photo *side-by-side* with the altered photo, which belies any attempt at deception.




1

The BIA faulted Zheng for failing to mention the alteration in his individual photo until the issue was raised by the government. But his omission was insignificant. *See Iman v. Barr*, 972 F.3d 1058, 1067 (9th Cir. 2020) ("[N]ot all omissions will deserve the same weight or support an adverse credibility finding.") Not only is the cropping obvious from the pictures themselves, which again, he submitted side-by-side, there was no reason for Zheng to lie by omission about the alteration because, if anything, the original photograph provided even stronger evidence for his asylum claim by showing him with other church members.

The second ground for the majority's decision is even weaker. There is no inconsistency between Zheng's testimony that he "decided to believe in the Lord" in July 2015, and the church verification letter stating that he had actively participated in church services "since he was little" and "is a devout and loyal believer." It is quite common for children to attend church services with their family for years before expressing a personal commitment to Christianity. As Zheng explained, his grandmother took him to church as a child, but it was not until he became older that he resonated with the church's message and decided to personally devote himself to Christianity. And the recency of Zheng's conversion does not undermine the church's statement that he "is a devout and loyal believer," since the statement is written in the present tense alone.

2

In the absence of any evidence of deception or inconsistency in Zheng's story, the majority erred in upholding the BIA's adverse credibility determination. Therefore, I would remand both the asylum and the withholding of removal claims.